IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CATHY T. MRAZEK, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:13-cv-133 EJM |
| | ) |
| v. | ) |
| | ) PROTECTIVE ORDER |
| DOLGENCORP., LLC, d/b/a DOLLAR GENERAL, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the Court upon Plaintiff and Defendant's Motion for Protective Order (docket number __12__) filed June __20__, 2014, made pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 5(c) 5.2(g), and concerning the confidentiality of documents, information and items to be produced, exchanged, provided, revealed and/or disclosed during the course of this litigation. Having carefully considered Parties' Motion, and in light of the parties' joint consent as set forth below, the Court FINDS and CONCLUDES that good cause warrants entry of this Protective Order as requested.

## PROTECTIVE ORDER

IT IS THEREFORE ORDERED that the Parties' Motion is GRANTED on the terms and conditions set forth herein, to wit:

1. Plaintiff and Defendant (collectively, the "Parties") have agreed that certain categories of documents deserve protection from disclosure to the general public. Therefore, the Parties agree to disclose Confidential Materials, which shall be those documents designated as "Confidential" pursuant to the terms of this Order (and subject to the Federal Rules of Civil

Procedure), and agree to be bound by all terms of this Order with respect to such materials. The documents and things designated "Confidential Materials," as designated by the party from whom discovery is sought, contain (a) financial and other business information that is confidential and proprietary; (b) technological and/or trade secret information; (c) customer and sales information, including periodic store reports; (d) non-public, proprietary, or confidential corporate and strategic planning information, such as training documents and corporate standard operating procedures; (e) both personal and job-related employee information; or (f) net worth or tax information or other business information related to the litigants. The Parties agree to designate as "Confidential" only those documents that they reasonably, and in good faith, believe should be treated as confidential. The Confidential Materials shall be maintained in accordance with the terms of this Protective Order. The aforementioned Confidential Materials include any portion of documents, discovery responses, testimony, or other discovery materials containing confidential information. If the Parties cannot agree on whether particular materials should be treated as confidential hereunder, the party seeking to change the designation of the materials may apply to the Court to have the confidential designation removed. If a party objects to classification of information as confidential and moves to have that information removed from the restriction, the burden of establishing that the materials are entitled to a confidential classification shall fall on the party seeking to use the designation.

2. The Confidential Materials described in Paragraph 1 above may be used only for purposes of this litigation including appeals, and not for promotional or competitive or other purposes, and may be disclosed only to the following persons in connection with this litigation and in compliance with Paragraph 4, *infra*:

(a) The Parties, including employees and officers of Defendant and any other entity operating Dollar General stores who have a business interest or other need to know the information in the normal course of their business activities;

(b) The Court and court personnel involved in this case (including court reporters and persons operating audio or video recording equipment at depositions or other proceedings);

(c) Defendant's in-house counsel, including their secretaries, legal assistants, and clerical and support personnel working with or under the supervision of in-house counsel;

(d) The Plaintiff's and Defendant's outside counsel in this action, including their partners, associates, secretaries, legal assistants, clerical staff, and employees working with or under the supervision of the Parties' counsel to the extent reasonably necessary to render professional services in this action;

(e) Contract or temporary personnel engaged by and working under the supervision of the Parties' counsel to the extent reasonably necessary to render professional services in this action;

(f) Consultants or experts for each party, retained for the purpose of testifying or assisting in the preparation of this case for trial;

(g) Personnel of graphics or litigation support firms engaged by the Parties or their attorneys;

(h) Witnesses expected to testify at any deposition, hearing, or trial, including use during the preparation of witnesses and potential witnesses; and

(i) Such additional persons as agreed to by the Parties in writing.

3. A designation of materials as Confidential shall be made by affixing or placing the notice "Confidential" on all such materials. The designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designation with respect to any materials except where the designating party or parties and their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in this Order.

4. Information designated as Confidential Materials pursuant to this Order shall be treated as so by all persons to whom such information may be disclosed. In addition, except for counsel representing the Parties (as defined in Paragraph 2(d)), the Defendant's in-house counsel (as defined in Paragraph 2(c)), and Court personnel (as defined in Paragraph 2(b)), each person who is authorized by this Order to inspect or to have access to materials designated as Confidential and who in fact inspects any such materials shall, before conducting such inspection or having such access, be provided with a copy of this Agreed Protective Order, shall execute an undertaking in the form annexed to this Order as Exhibit "A", and shall be bound by this Order. These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the case has been concluded and all appeals exhausted.

5. At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve a notice of objection to such designation stating the reasons for such objection. The Parties shall make a good faith effort to confer and to informally resolve any disagreement over any objection to a "Confidential" designation of documents or information. Should the Parties be unable to resolve the issue raised by the objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as confidential.

6. At times, witnesses at depositions may testify about documents or other information that is deemed Confidential in this Order. In that case, at the time of the deposition, any party may designate all or portions of deposition testimony by witnesses as

Confidential under this Order by advising the court reporter and the videographer, as applicable, and all counsel at the deposition or proceeding of such fact. The court reporter shall transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript with the testimony with the word "Confidential." Any portion of a deposition transcript not so designated at the time the testimony is given shall nevertheless be treated as confidential for a period of fourteen (14) days after the party who seeks to designate the material as confidential receives the witness' transcript of the testimony so as to permit the party or witness time to designate some or all of the testimony as confidential. Thereafter, only such portions of the transcript (that were not initially designated as "Confidential") as are affirmatively designated in writing by a party to be confidential shall be treated as such under this Order. Such designation may be made by marking the transcript as "Confidential," listing the page and inclusive line numbers of the materials designated as confidential, and providing such designation to the other Parties' counsel and the court reporter. The court reporter shall thereafter mark the face of each relevant page as "Confidential" and transcribe those portions of the testimony so designated.

Whenever any Confidential document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it shall be kept separate from the other exhibits in an envelope marked "Confidential – Subject to Agreed Protective Order." Once the written transcript is marked and prepared in the foregoing manner, the videographer shall label any tape that includes confidential information as "Confidential – Subject to Agreed Protective Order." Confidential deposition transcripts and videotapes shall be treated the same as other Confidential Materials as required by this Order.

If a party, in good faith, believes that it is necessary to attach deposition testimony to a pleading to be filed with the Court prior to the expiration of fourteen (14) days from receipt of the deposition transcript, the party will give five (5) days notice to the other Parties of its intent to do so by identifying the portion of the deposition transcript it intends to file with the Court. If any portion of the identified deposition transcript is designated as Confidential within the five (5) days, it shall be treated as Confidential under this Agreement. If any party fails to designate the identified deposition transcript as confidential, then the party wishing to attach the deposition transcript to a pleading may do so. A party may still designate any of the remaining portions of the deposition transcript as confidential within the fourteen (14) day period established above.

7. Subject to the Federal Rules of Evidence, the Confidential Materials may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the Court, but only under the terms of this Order.

8. The filing or production of Confidential Materials under the terms of this Order shall not alter the confidentiality of the Confidential Materials or alter any existing obligation of any party.

9. If filed with the Court, Confidential Materials shall be filed under seal to be reviewed by Court personnel only and not to be released to the public. The Parties will agree to confer, prior to filing a pleading or other document with the court, as to whether any documents marked as "Confidential" can be filed without the protections of this paragraph.

10. The Parties may also designate documents as "Confidential – Attorney Eyes Only." Documents designated as "Confidential – Attorney Eyes Only" may only be reviewed by

persons identified in Paragraph 2(c) and 2(d). This designation may be assigned to documents that have not been disclosed to the public and that, if disclosed to the public, may cause irreparable harm or damage to a party. The procedures for designating documents (Paragraph 3), objecting to any designation (Paragraph 5), designating deposition testimony as confidential (Paragraph 6), and filing "Confidential Materials" under seal (Paragraph 9), shall also apply to documents designated "Confidential – Attorney Eyes Only." Likewise, the duties and responsibilities the Parties have to agree to orders for appeal (Paragraph 11), to notify the other party of a subpoena or order (Paragraph 12) and to retain or destroy documents (Paragraph 16) shall apply to documents designated as "Confidential – Attorney Eyes Only."

11. If the case is appealed, the party designating the Confidential Materials shall agree to such orders as necessary to allow appropriate Confidential Materials to be included in the record of appeal.

12. If a third party or another court or an administrative agency subpoenas or orders the production of Confidential Materials from any party, the party from whom the information is sought shall notify the other Parties of such subpoena or order within five (5) days of its receipt of the subpoena or order. The party from whom information is sought shall wait a minimum of ten (10) days to tender the documents to the requesting entity, unless the requesting entity asks the documents be produced in less than ten days, in order to give the other Parties an opportunity to review the order or subpoena and seek appropriate relief from the Court if desired. In the event that the information ordered by the requesting entity is to be produced within ten (10) days, the party from whom the information is sought shall notify the other Parties within one day of its receipt of the subpoena or order and will not produce the documents until so ordered.

13. This Order is intended to facilitate efficient litigation between the Parties and is not intended to alter resolution of any substantive issues or to affect the Parties' substantive rights.

14. This Order may be amended by agreement of counsel for the Parties in the form of a stipulation filed with and approved by the Court.

15. Willful violation of this Order may be punishable by the contempt power of the Court.

16. The Order shall survive until the final destruction or return of the Confidential Materials as required herein, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Materials. At the request of either Party, following the final resolution of this matter, the Parties shall return the documents marked by the other party as confidential and represent that all other copies have been destroyed.

Dated this 23rd day of June, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT A

## ACKNOWLEDGMENT AND RECEIPT OF PROTECTIVE ORDER

Re: *Cathy T. Mrazek v. Dolgencorp., LLC, d/b/a/ Dollar General,* Civil Action No. 1:13-cv-133-EJM, in the Northern District Court of Iowa, Cedar Rapids Division.

My name is _____.

I live at _____.

The undersigned hereby acknowledges that he/she has read, is fully familiar with, and understands the terms of the Protective Order entered in the above-entitled action on or about _____, 2014, that he/she is going to be a proper recipient of the confidential information as contemplated by the Protective Order, that he/she will not disclose the confidential information to any person to whom disclosure is not authorized by the terms of the Protective Order, that he/she will not use the confidential information in any manner whatsoever other than for purposes of the above-entitled action, and that he/she agrees to be bound by the terms of the Protective Order. The undersigned further agrees that the Court in the above-entitled action has personal jurisdiction over him/her for the purposes of any proceeding or hearing related to such Confidential Information and/or the Protective Order, including but not limited to any proceeding that relates to the enforcement of the Protective Order.

The undersigned acknowledges and understands that any use of such confidential documents, information, materials, or testimony (or any portions or summaries thereof) in any manner contrary to the provisions of the Protective Order may be subject to a sanction from this Court for violating the Order.

_____

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____, 20__.

NOTARY PUBLIC, STATE OF _____

_____
Notary's Printed Name
My Commission Expires:

_____